IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIANE JOHNSON,

        Plaintiff,

vs.                                              No. CIV 05-357 JH/RLP

BAXTER HEALTHCARE CORPORATION,
ADMINISTRATIVE COMMITTEE OF
BAXTER HEALTHCARE CORPORATION,
AMERICAN HOSPITAL LONG-TERM
DISABILITY PLAN, and LIFE INSURANCE
COMPANY OF NORTH AMERICA,

        Defendants.

### MEMORANDUM OPINION AND ORDER
### GRANTING PLAINTIFF'S MOTION FOR DISCOVERY
### AND AMENDING PRETRIAL DEADLINES.

Plaintiff filed suit against Defendants under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, seeking damages for miscalculation and underpayment of benefits[1] ("benefits claim"), breach of fiduciary duty[2] ("fiduciary duty claim"), and civil penalties for failure to provide information[3] ("civil penalties claim"). This matter comes before the court on Plaintiff's Motion to Permit Discovery and Extend Pretrial Deadlines (Docket No. 36).

Defendant Life Insurance Company of America ("LINA") has produced documents which

---

[1] Citing 29 U.S.C. §1132(a)(1)(B).

[2] Citing 29 U.S.C. §§ 1109(a) and 1132(a)(2). A cause of action under these statutes applies only to claims on behalf of benefit plans to recoup losses for breaches of fiduciary duty by the plans' fiduciaries. Recognizing this, Plaintiff in her Response to the Baxter Defendants Motion for Partial Summary Judgment (Docket Nos. 19 & 21) seeks leave to change the reference in her Second Amended Complaint, to rely on 29 U.S.C. §1132(a)(3). That Request is pending before the Trial Judge. For the purposes of this Motion, I will consider the claims in Count II to arise under 29 U.S.C. §1132(a)(3).

[3] Citing 29 U.S.C. §1132(c).

it represents comprises the administrative record in this case. Plaintiff asserts that discovery is warranted on her benefits claim because there is no indication that the entire administrative record was considered prior to denial of her claim for retroactive and increased benefits[4], and because she is entitled to determine how Defendant LINA calculated her benefits and why it disputes the detailed calculation she had presented to it. Plaintiff further states that written discovery should be sufficient to address the issues raised, provided Defendants provide the necessary information in their responses. (Docket No. 40, footnote 3).

Under certain and limited circumstances, evidence outside the administrative record may be considered in claims brought under ERISA. Hall v. UNUM Life Insurance Co. of America, 300 F.3d 1197 (10th Cir. 2002), Caldwell v. Life Ins. Co. of North America 165 F.R.D. 633 (D. Kan. 1996). Where breach of fiduciary duty is alleged, discovery is permitted on issues including whether the fiduciary fulfilled its fiduciary duty to obtain information necessary to make its determination to deny benefits; whether the fiduciary followed proper procedures in reviewing and denying plaintiff's claim; and whether the record is complete, since these matters "could impact the decision as to whether the denial, review, or failure to review was arbitrary and capricious . . . (and). . . could also affect a determination as to whether defendant provided plaintiff a full and fair review." Caldwell, 165 F.R.D. at 638.

I find that allowing discovery to supplement the administrative record is appropriate given the allegations in this case. However, such supplemental discovery shall be limited. Each party will be permitted to serve on each other party Interrogatories not to exceed 25 in number, including subparts, Requests for Production not to exceed 15 in number, including subparts, and Requests for

---

[4]In this regard, Plaintiff additionally asserts that documents previously forwarded to her, and which appeared in a file provided by LINA in 2003, are not contained in the administrative record. (Docket No. 37, footnote 4).

Admissions not to exceed 25 in number.  Whether or not evidence disclosed by this supplemental discovery will be considered by the Trial Judge is not an issue.

I further find that Plaintiff's Motion to Extend Pretrial Deadlines is also well taken, and that the discovery motions deadline and pretrial motions deadlines should be extended to May 15, 2006.

IT IS THEREFORE ORDERED AS FOLLOWS:

(1)  Supplemental discovery shall be permitted.   Each party may serve on each other party Interrogatories not to exceed 25 in number including subparts, Requests for Production not to exceed 15 in number including subparts, and Requests for Admissions not to exceed 25 in number.  *All written discovery requests must be served no later than February 20, 2006.*

(2)  The Discovery Motions and Pretrial Motions Deadlines are extended to May 15, 2006.

_____
Richard L. Puglisi
United States Magistrate Judge