**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


**DIANE JOHNSON,**

     **Plaintiff,**

**vs.**                                                        **No. CIV 05-357 JH/RLP**

**BAXTER HEALTHCARE CORPORATION,
ADMINISTRATIVE COMMITTEE OF
BAXTER HEALTHCARE CORPORATION,
AMERICAN HOSPITAL LONG-TERM
DISABILITY PLAN, and LIFE INSURANCE
COMPANY OF NORTH AMERICA,**

     **Defendants.**

**Memorandum Opinion and Order
Granting in Part and Denying in Part
Plaintiff's Motion to Compel Discovery [Docket No. 62].**

Plaintiff filed suit under the Employee Retirement Income Security Act (ERISA), 29 U.S.C.

§ 1132 to recover benefits under a long term disability plan held by Baxter Health Care Corporation,

(successor to her former employer) and administered by Life Insurance Company of North America

("LINA" herein).   Plaintiff's Complaint alleges that Defendants wrongfully denied her employee

disability benefits and breached fiduciary duties by miscalculating and failing to pay her the proper

benefit.

The court previously permitted the parties to exchange limited written discovery. The court's

Oder permitting discovery stated:

> Where breach of fiduciary duty is alleged, discovery is permitted on issues including
> whether the fiduciary fulfilled its fiduciary duty to obtain information necessary to
> make its determination to deny benefits; whether the fiduciary followed proper
> procedures in reviewing and denying Plaintiff's claim;  and whether the record is
> complete, since these matters "could impact the decision as to whether the denial,
> review or failure to review was arbitrary and capricious . . .  (and) . . . could also

affect a determination as to whether defendant provided plaintiff a full and fair review." Caldwell v. Life Insurance Company of North America, 165 FRD 633, 638 (D. Kan. 1996).

[Docket No. 43].

The matter presently before the court is Plaintiff's Motion to Compel Answers to Interrogatories, Responses to Requests for Production and Responses to Requests for Admission from Defendant LINA. [Docket No. 62]. This pleading also challenges the sufficiency of the Privilege Log submitted by LINA.

The parties agree that the *de novo* standard of review applies in this case. See Docket No. 62, Ex. 3, p. 6. Under the *de novo* standard, the Court may "supplement [the administrative record] 'when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision.' " Hall v. UNUM Life Insurance Company of America, 300 F.3d 1197, 1202 (10th Cir.2002)(quoting Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017 (8th Cir.1993)).

## I.       *Social Security Administration Documents*

LINA obtained from Plaintiff a release permitting it to obtain her records from the Social Security Administration ("SSA" herein). Plaintiff conditioned this release on two provisions: That LINA would provide her with a copy of all transmittal correspondence to the SSA, and would provide her a copy of all materials received from the SSA within a week of receipt.

LINA does not deny these conditions, and does not address the first in its Response Brief. As to the second condition, it states that it has not received any documents yet.

**IT IS HEREBY ORDERED** that LINA will provide Plaintiff with copies of all correspondence to the SSA requesting Plaintiff's records, including all enclosures attached thereto

within five (5) days of the date of this Order.

**IT IS FURTHER ORDERED** that LINA will provide Plaintiff with a copy of all materials received from the SSA pertaining to Plaintiff within five (5) days of receipt of those documents.

## II.    *General Objections*

LINA prefaced its Answers to Interrogatories, Responses to Requests for Production and Responses to Requests for Admission with three identical objections "common to all" interrogatories or requests.[1] The court will not sanction use of objections made in this form.   Federal Rule of Civil Procedure 33(b)(1) requires that interrogatories be answered "separately and fully . . . "   The Advisory Committee notes to Rule 34(b) F.R.Civ.P. state that the  procedure for responding to requests for production is essentially the same as for answers to interrogatories.   Rule 36(a) F.R.Civ.P. requires that each request for admission,  and therefore the response to each, be "separately set forth."    Objections to Interrogatories, Requests for Production and Requests for Admission are to be made to each interrogatory or request individually, not stated generally. The reason for this  requirement is, or should be, evident.  Neither the court nor the opposing party should have to determine which objection applies to which interrogatory or request. See, e.g., Pulsecard v. Discover Card Services, Inc., 168 FRD 295, 303 (D. Kan. 1996) ("The practice of incorporating 'General Objections' into each specific interrogatory 'leaves some room for dissatisfaction or confusion.'").

---

[1] First, that the Interrogatories or Requests imposed obligations beyond those required by the Federal Rules of Civil Procedure; second, that certain Interrogatories or Requests call for production or disclosure of attorney-client communications or attorney work product not otherwise discoverable under the Federal Rules of Civil Procedure, and third, that the Requests orInterrogatories assumed facts not in evidence, and that by answering or responding, LINA was not admitting or agreeing with any implicit assumption made therein.

**IT IS THEREFORE ORDERED** that  the common objections prefacing LINA's Answers to Interrogatories, Responses to Requests for Production and Responses to Requests for Admission are hereby stricken.

### III.     *Interrogatories*

#### 1.        *Interrogatory No. 1*

**Interrogatory No. 1** asked LINA to state the current monthly benefits amount owed to Plaintiff by LINA under Policy No LK 5312, and asked how the benefit amount was computed, explaining in detail each element of the mathematical formula used.  LINA provided an answer stating a figure for Plaintiff's current monthly benefit.  Plaintiff contends that LINA's answer is evasive and incomplete because it does not define the terms *Pre-offset Benefits* and *Current Gross Benefits,* and because the answer does not explain how the applicable social security benefit off-set was calculated.

LINA states that it might be able to supplement its answer after it has received information requested from the Social Security Administration.

Plaintiff is entitled to know the meaning of terms used by LINA in evaluating her claim. Cf. Cannon v. UNUM  Life Insurance Company of America, 219 FRD 211, 213 (D. Me. 2004).  It is disingenuous for LINA to contend that it needs to supplement the administrative record with information from the Social Security Administration to determine how it determined Plaintiff's current monthly benefit.  Further, the applicable social security off-set goes to the heart of this suit, and if it was included in any calculations made by LINA, LINA should disclose that information.

**IT IS ORDERED** that LINA will Answer **Interrogatory No. 1** within 10 days of the date of this Order, explaining the terms *Pre-offset benefits* and *Current Gross Benefits,* and addressing the Social Security benefit offset applicable to Plaintiff's current monthly benefit.

*2.      Interrogatory No. 5*

**Interrogatory No. 5** asked LINA to explain in detail all errors, omissions and inaccuracies it contends are in a  computation of benefits prepared by Plaintiff.  The computation referred to was not provided to the court in the motion packet materials.

LINA provided an answer, referring its own calculation of benefits in its answer to Interrogatory No. 1, which the court has ordered be supplemented.   No further answer to Interrogatory No. 5  will be required.

*3.      Interrogatories  No. 6 & 7*

**Interrogatories No. 6 and 7** ask for information related to Social Security Off-sets that LINA applied to Plaintiff's benefit calculation.  LINA contends that it cannot answer this interrogatory *fully and accurately as of the date of this litigation* without an updated Social Security Fact Query, outlining all SSDI payments made to Plaintiff.  LINA answered Interrogatory No. 7 by referring to its answer to Interrogatory No. 6.  Accordingly, these Interrogatories will be considered together.

LINA's response is inadequate.  If LINA took actions in the past with respect to Social Security off-sets, that information should be available to it.  If it has lost or destroyed that information, it should say so.

**IT IS THEREFORE ORDERED** that LINA will Answer **Interrogatories No.6 and 7** within 10 days of the date of this Order.

*5.      Interrogatories No. 10 & 20*

**Interrogatory No. 10** asked LINA to identify all documents or information sources Mr. Zahren compiled, consulted or reviewed in connection with the preparation of paragraph 3 and 4 of

his letter of June 24, 2004.[2] **Interrogatory No. 20** asked LINA to state for each document identified in the Interrogatory Answers, or provided in lieu of response, whether that document had been considered or relied upon by Mr. Zahren.  Plaintiff contends that this information is relevant to determining the "true administrative record."  LINA answered Interrogatory No. 20 by referring to its answer to Interrogatory No. 10.  Accordingly, these Interrogatories will be considered together.

One of Plaintiff's theories in this case is apparently that LINA ignored items in the administrative record, or supplemented the administrative record after denying her claim.  To have done either could support Plaintiff's claim.

**IT IS THEREFORE ORDERED** that within ten (10) days of the date of this Order, LINA will supplement its answer to **Interrogatory No. 20**, by designating those items in the administrative record that were actually considered or relied upon by Mr. Zahren in denying Plaintiff's claim.

### 6.      Interrogatory No. 16

**Interrogatory No. 16** refers to the Requests for Admission served on LINA, and asks LINA to explain in detail each denial and to state all facts and identify all documents pertinent to each denial.

This interrogatory goes beyond the scope of discovery permitted by this court's Order.  It is comprised of multiple interrogatories, one for each denied Request for Admission, and therefore exceeds the number of interrogatories permitted by that  Order.  Accordingly, no further answer to Interrogatory No. 16 will be required.

### 7.      *Interrogatory No. 17*

---

[2]This letter is not before the court. Exhibit No. 1 to this Motion  indicates that the June 24, 2004 letter is  Mr. Zahren's written review and denial of Plaintiff's claim.

**Interrogatory No. 17** asked for all facts and the identification of all documents pertinent to LINA's affirmative defense of accord and satisfaction.  LINA raised objections to this interrogatory, and also answered it, referring to the settlement prior litigation.

I find that LINA has adequately answered this interrogatory, and no further answer is required.

*8.        Interrogatory No. 9, Request for Production No. 10 and LINA's Privilege Log*

**Interrogatory No. 9** asks for all documents or oral conversations reflecting communications between LINA and any Baxter Defendant regarding Plaintiff's benefits and/or this law suit.  It further asks for the reason for the communication  and an explanation as to why the Baxter Defendants were entitled to such information after January 1, 1985.   **Request for Production No. 10** sought production of all communications between LINA, its counsel and counsel for Baxter, pertaining to Plaintiff.  LINA objected to these discovery requests, on the grounds that in formation sought was not relevant, that the requests were overbroad, and that the information was protected from discovery as "post litigation" based on attorney client privilege and attorney work produce immunity.

LINA's **Privilege Log**, lists twenty-nine documents:  twenty-five e-mail messages, two faxes and two memos.  The documents are described by date[3], author and person requesting.   The privilege claimed for one document is "Work Product, Rule 501; NMRA 11-503-B(3)."   The privilege claimed for all other documents is "Attorney-Client Work Product."  No other information is provided.

The attorney-client privilege does not apply to all documents an attorney prepares, and the fact that an attorney was involved in a communication does not necessarily render the communication

---

[3]Most of the documents bear dates from 1997 through 1999.

subject to the attorney-client privilege. The privilege attaches only to communications between a lawyer and client that relate to legal advice or strategy sought by the client." Kovacs vs. The Hershey Company, 2006 WL 1980291, *13 (D.Colo.).   Further, in the context of an ERISA claim, the "fiduciary exception"[4] applies to fiduciaries and administrators who obtain legal advise prior to the decision to deny benefits. Lewis v. UNUM Corp. Service Plan, 203 F.R.D. 615, 620 (D. Kan. 2001).

The scope of the attorney work product doctrine is different.  It is expressly limited to those matters relating to the lawyer's mental processes developed explicitly for litigation. Vargas v. United States (In re Grand Jury Proceedings), 727 F. 2d 941, 945 (10th Cir. 1984).

LINA has the burden of establishing that attorney client privilege or work product immunity applies.   Barclaysamerican Corp. v. Kane, 746 F. 2d 653, 656 (10th Cir. 1984).  LINA's privilege log is woefully inadequate for this purpose.

When a party withholds documents or other information based on privilege or work product immunity, the "party shall make the claim expressly and *shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection*."  F.R.Civ.P. 26(b)(5) (emphasis added).   The party asserting the objection must "describe in detail" the documents or information sought to be protected, and must provide

---

[4] "When an attorney advises a fiduciary about a matter dealing with the administration of an employees' benefit plan, the attorney's client is not the fiduciary personally, but, rather, the trust's beneficiaries." Everett v. USAir Group, Inc., 165 FRD 1 (D.C. Cir. 1995).  Pre-decisional legal advice secured by plan administrator and benefit administrative committee is not protected from disclosure under attorney-client privilege, even if administrator and committee sought advice in order to defend against plan participant's claims in prospective post-decisional litigation against plan.  Lewis v. UNUM Corp. Service Plan, Id.

sufficient information to enable the court to determine whether each element of the asserted objection is satisfied.  McCoo v. Denny's, Inc., 192 F.R.D. 675, 680 (D.Kan.2000).   A "blanket claim" as to the applicability of the privilege/work product doctrine does not satisfy the burden of proof.  McCoo, 192 F.R.D. at 680;  Kelling v. Bridgestone/Firestone, Inc., 157 F.R.D. 496, 497 (D.Kan.1994).

There is no way, based on the descriptions provided by LINA, that the court can determine whether attorney-client privilege or work produce immunity applies to any document listed in LINA's privilege log.  Accordingly, I find that LINA has waived any objection to the information requested in Interrogatory No. 9  and to production of documents requested in Request for Production No. 10.

**IT IS THEREFORE ORDERED** that within ten (10)  days of the date of this Order LINA will Answer Interrogatory No. 9 and will product documents requested in Interrogatory No. 10.

### 9.	*Interrogatories No. 23 and 25.*

**Interrogatory No. 23** asked for information concerning Plaintiff's W-2s for 1986 and 1992. There are six subparts to Interrogatory No. 23.  **Interrogatory No. 25** asked for information concerning all Plan documents under which Plaintiff's has received disability benefits.  There are three subparts to Interrogatory No. 25.

LINA provided a partial answer to Interrogatory No. 23, and then objected to Interrogatories 23 and 25 because they exceeded the number of Interrogatories permitted by the court's prior Order.

The court agrees that Plaintiff's interrogatories to LINA exceed the twenty-five permitted by the court's prior Order.  Therefore, no further answer is required for Interrogatories No. 23 and 25.

### IV.	*Requests for Production*

### 1.	*Requests for Production No. 2, 4, 6 and 15*.

**Request  No. 2** sought all documents reflecting communications between or among LINA and any person, other than Plaintiff, concerning Plaintiff.  **Request No. 4** sought all documents or communications from Baxter and/or its predecessor to LINA relating to Baxter's acquisition of the predecessor and the rights or obligations following acquisition to the participants of any plan or insurance policy issued to the predecessor.  **Request  No. 6** sought all documents pertinent to Baxter's and/or Administrative Committee's administration of the plan of American Hospital. **Request No. 15** sought all documents (permitting redaction) pertaining to communications between LINA and Baxter or the Administrative Committee concerning any participant in a plan originally sponsored by Baxter's predecessor who was receiving benefits prior to Baxter's acquisition of its predecessor, and who continued to receive such benefits after acquisition.

LINA  responded to the Requests for Production by citing to the previously produced administrative record, and stated that any other documents responsive to the Requests were communications between counsel for LINA and counsel for Baxter.  It then incorporated the objections contained in its Answer to Interrogatory No. 9,  that the information requested was not relevant to claims in this case, not likely to lead to discovery of admissible. evidence, was overbroad and that it sought post litigation communications contrary to F.R.Evid. 501 and NMRA 11-503(B)(3).

> Unless the request is overly broad on its face, Defendant, as the party resisting discovery, has the burden to support its objection. The familiar litany of general objections, including overly broad, burdensome, oppressive will not alone constitute a successful objection to an interrogatory nor will a general objection fulfill the objecting party's burden to explain its objections. The objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by

submitting affidavits or offering evidence revealing the nature of the burden.

Hammond v. Lowe's Home Centers, Inc., 216 F.R.D. 666, 671-672 (D. Kan. 2003) (citations omitted).

I find that **Requests for Production  No. 2, 4,  6 and 15** are clearly over broad  and accordingly affirm LINA's objections.

### 2.      *Request for Production No. 3.*

**Request No. 3** sought legible copies of all documents related to any lawsuit arising out of a claim for disability under LINA Policy No. LK 5312.   LINA objected to this request, stating that it sought information that was not relevant, was not likely to lead to the discovery of admissible evidence, was over broad in terms of time, that it invaded the privacy of others and that it was contrary to the relevant, but unspecified provisions of HIPAA.  LINA concluded by stating that all documents otherwise responsive to this request that were in its custody, possession and control were contained in the administrative record.

Plaintiff argues that these documents speak to how LINA might interpret the underlying policy and to its notice of the issues involved in this case, that the universe of possible policy beneficiaries is limited and that if LINA has been sued repeatedly for its conduct regarding this policy, that information is relevant and discoverable.

It is without question that the reasons an insurer may be sued under a policy can be varied. As written, this Request for Production is patently overbroad.  Plaintiff's Complaint against LINA alleges that it failed to properly incorporate income attributed to commissions and vacation pay earned during her employment period into her base wage that it utilized a 360 rather than a 365-day

year to compute her average monthly earnings, and that it used the incorrect Social Security offset.

Law suits filed against LINA *prior to the date of the denial of Plaintiff's claim*, alleging such conduct

may be relevant to the issue raised in Plaintiff's Complaint.

**IT IS THEREFORE ORDERED** that LINA will Respond to Request for **Production No.**

**3** by producing any Complaint filed against it in any court, *prior to the date of the denial of Plaintiff's*

*claim*, relying on LINA Policy No. LK 5312, and alleging failure to properly incorporate income

attributed to commissions and vacation pay earned during her employment period into a base wage,

utilizing a 360 rather than a 365-day year to compute average monthly earnings, or utilizing an

incorrect Social Security offset. As such documents are public record, no redaction will be necessary.

LINA shall produce such documents within ten (10) days of the date of this Order.

### 3.    *Request for Production No. 5*

**Request No. 5** sought all documents or guidelines pertinent to and/or describing methods to

be followed by LINA in reviewing claims appeals, including specifically when LINA should contact

the employer or former employer of a participant. LINA objected to the Request, incorporating

objections made to a prior request, and stating that all documents responsive to the Request are

contained in the administrative record. In its Response Brief, LINA raises the argument that these

documents are confidential and proprietary and therefor are not part of any claim file.

A disability benefits claimant whose benefit request is denied is entitled to receive a copy of

any internal rule, guideline, protocol or other similar criterion which was relied upon in making the

adverse determination. 29 C.F.R. §2560.503-1(g)(v)(A). LINA is required to "establish and

maintain reasonable procedures governing the . . . appeal of adverse benefit determinations." 29

C.F.R §2560.503-1(b).  The procedures must contain "administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with the governing plan documents. . . ." 29 C.F.R §2560.503-1(b)(5).  A claimant in an appeal of an adverse disability benefit determination is entitled to receive, upon request and free of charge, copies of all documents, records, and other information relevant to his or her claim for benefits.  29 C.F.R. §2560.503-1(h)(2)(iii) & (h) (4).  A document, record or other information is relevant to a claimant's claim if it demonstrates compliance with the administrative process and safeguards required  in 29 C.F.R. §2560.503-1(b)(5).  29 C.F.R. §2560.503-1(m)(iii).

I find that the documents requested in Request for Production No. 5 are relevant and may lead to the discovery of admissible evidence.  Further, LINA has made no showing, either by case law or affidavit, that these materials are confidential and proprietary.

**IT IS THEREFORE ORDERED** that LINA will Respond to **Request for Production No. 5** within ten (10)  days of the date of this ORDER.

### V.      *Requests for Admission*

Plaintiff contends that LINA's Responses to Requests 2,4,8,9,13 and 24 are phrased so that she cannot determine what portions are admitted and what are denied;  that LINA's Responses  to Requests 10, 11, 16 and 20,  fail to explain in any comprehensible way why it cannot admit or deny the request, and that LINA's responses to  Requests 17, 22 and 23 are completely non-responsive. Plaintiff seeks an Order compelling  LINA to comply with F.R.Civ.P 36, or alternatively, to deem the Requests admitted.

An answer to a request for admission is not subject to a motion to compel.   Continental

Casualty Co. v. Brummel, 112 FRD 77, 81 (D. Colo. 1986), citing 4A Moore, Federal Practice 36.06

(2d ed. 1984). The court, however, may determine the sufficiency of the answers submitted. If

Responses are deemed insufficient, the court my order the matters therein admitted, or order the party

to serve amended answers.  Id.

Rule 36(a) states in pertinent part:

. . .The matter is deemed admitted unless . . . the party  . . . serves  . . . a written
answer or objection . . .  If objection is made, the reasons therefore shall be stated.
The answer shall specifically deny the matter or set forth in detail the reasons why the
answering party cannot truthfully admit or deny the matter.  A denial shall fairly meet
the substance of the requested admission, and when good faith requires that a party
qualify his answer or deny only a part of the matter of which an admission is
requested, he shall specify so much of it as is true and qualify or deny only the
remainder.

### 1.      Requests for Admission Nos. 2, 4, 8, 9, 10, 11, 13 16, 20 and 24.

LINA prefaced its Responses to Requests for Admission  Nos. 2, 4[5], 8, 9, 13 and 24[6] by

stating "LINA admits and denies this Request as follows."  LINA prefaced its Responses to Requests

for Admission Nos. 10, 11, 16[7] and 20 by stating that it could not admit or deny the statements made

therein.  It then treated all the requests as interrogatories, setting out its view of the facts and/or

referring to its responses to other discovery requests or its Answer to  Plaintiff's Complaint   LINA

argues that it is entitled to qualify its Responses in this manner.  Plaintiff's Request for Admissions

2, 4, 8, 9, 10, 11, 13, 16, 20 and 24, and the specific statements made therein do not appear to be so

[5]LINA's response to RFA NO. 4 incorporates its response to RFA No. 22.

[6]LINA's  response to RFA Nos. 8, 9 and 24 incorporates its response to RFA No. 4.

[7]LINA's response to RFA Nos. 16 and 20 incorporates its response to RFA  No. 1; its response to
RFA No. 20 also refers to its Answer to Plaintiff's Complaint.

complex or imprecise so as to necessitate qualified responses.  Further, some Responses as written do not clearly  indicate what is admitted and what is denied, and therefore do not "specify so much of (the Request for Admission) as is true," qualifying only the rest.  F.R.Civ.P. 36(a).  Other responses refer to other discovery, instead of  stating an admission or denial

      **IT IS THEREFORE ORDERED** that LINA will serve amended Responses to **Requests for Admission 2, 4, 8, 9, 10, 11, 13, 16, 17, 20, 22, 23 and 24** within ten (10) days of the date of this Order.  The Amended Responses shall admit or deny each request, without referring to other Requests or Interrogatories.  If LINA qualifies any Response, it shall specify so much of the Request as is true, as required by F.R.Civ. P. 36(a).

      **IT IS SO ORDERED.**

                                 **Richard L. Puglisi**
                          **United States Magistrate Judge**