IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIANE JOHNSON,

    Plaintiff,

vs.                                                                           No. CIV 05-357 JH/RLP

BAXTER HEALTHCARE CORPORATION,
ADMINISTRATIVE COMMITTEE OF
BAXTER HEALTHCARE CORPORATION,
AMERICAN HOSPITAL LONG-TERM
DISABILITY PLAN, and LIFE INSURANCE
COMPANY OF NORTH AMERICA,

    Defendants.

**Memorandum Opinion and Order
Granting in Part and Denying in Part
Defendant LINA's Motion to Compel Responses to Discovery [Docket No. 60].**

This matter comes before the court on the Motion of Defendant LINA to Compel Discovery. At issue are Plaintiff's Answers to Interrogatories 1, 2, 3 and 4, Responses to Requests for Production 1, 2, 3, 6 and 7, and responses to Requests for Admission 1, 2, 3, 4, 7, 8, 10 12, 13, 14, 16, 8, 14, 17, 18, 19, 20, 21 and 22, as well as the privilege log submitted by Plaintiff.

**I.    *Timeliness of LINA's Discovery Requests [General Objection A].***

As a preliminary matter, Plaintiff contends that LINA's discovery requests were untimely because they were served on February 21, 2006, the day following the service deadline set in this court's Order permitting discovery. [Docket No. 43]. The service deadline, February 20, 2006, was a legal holiday. Accordingly, service of the discovery requests on February 21, 2006 was timely.

## II.     *General Objections*

Plaintiff prefaced her Answers to Interrogatories and Responses to Requests for Production and Responses to Requests for Admission with "Prefatory Objections"- "General Objections and Limitations Applicable to All Responses."[1]

As with the general objections interposed by LINA to discovery served by Plaintiff, the court will not sanction the use of objections made in this form.  Federal Rule of Civil Procedure 33(b)(1) requires that interrogatories be answered "separately and fully. . ." The Advisory Committee notes to Rule 34(b) F.R.Civ.P. state that the procedure for responding to requests for production is essentially the same as for answers to interrogatories. Objections to Interrogatories and Requests for Production are to be made to each interrogatory or request individually, not stated generally. The reason for this requirement is, or should be, evident.  Neither the court nor the opposing party should have to determine which objection applies to which interrogatory or request. See, e.g., Pulsecard v. Discover Card Services, Inc., 168 FRD 295, 303 (D. Kan. 1996) ("The practice of incorporating 'General Objections' into each specific interrogatory 'leaves some room for dissatisfaction or confusion.'").

**IT IS THEREFORE ORDERED** that the "Prefatory Objections" - "General Objections

---

[1] Objection/Limitation B objects generally to terminology, and states that answers/responses will be limited to the standards applicable to the Federal Rules of Civil Procedure.  Objection/Limitation C objects to the term "document," on the grounds that it is overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Objection/Limitation C objects to the terms "you" and "yours" on the grounds that it is overly broad, and seeks information protected by the attorney-client privilege or attorney work product immunity doctrine.  Objection/Limitation E, Plaintiff states that she will make responsive non-objectionable documents available, but goes on to hedge this response in various ways.

and Limitations Applicable to All Responses" prefacing Plaintiff's Answers to Interrogatories and Responses to Requests for Production are hereby stricken.

Plaintiff asserted three "General Objections and Limitations" to LINA's Requests for Admission: Objection/Limitation A, that the Requests were untimely: Objection/Limitation B, that she is not required to answer the Requests under oath, and Objection/Limitation C, that Plaintiff's agent's and attorneys, are not required by the Federal Rules of Civil procedure to answer the Requests.

The issue of untimeliness has been discussed above. The current version of F.R.Civ.P. 36(a) does not require that responses be under oath. Rather, it provides that written answers to Requests for Admission signed by the party or by the party's attorney. In this case, they were signed by Plaintiff's attorney, Mr. DeCandia. Plaintiff is bound by the substance of the admissions, and her counsel is bound by the provisions of F.R.Civ.P. 11.

### *III.    Interrogatories*

**Interrogatory No. 1** asked who had helped Plaintiff answer the interrogatories. This Interrogatory was fully answered. No further answer is required.

**Interrogatory No. 2** sought the identity of all individuals with knowledge of facts, circumstances and discoverable matters, whether or not admissible, that "are or may be relevant" to any issue in the suit, for the substance of the person's knowledge and the anticipated testimony. Plaintiff objected to the term "are or may be relevant," referred to her Initial Disclosures, and stated that further witnesses might be referred to in documents exchanged.

I find that Plaintiff's Answer to Interrogatory No. 2 is inadequate. Neither the parties

3

nor the court should be required to reference other documents, such as Plaintiff's Initial Disclosures, to determine what answer she has given to this interrogatory.  However, I also find that the Interrogatory is over broad on its face, in that it is not tailored in any meaningful way to specific matters at issue in this suit.

**IT IS THEREFORE ORDERED** that Plaintiff will supplement her answer to Interrogatory No. 2, within ten (10) days of the date of this Order, listing those individuals she currently intends to call at trial, and the substance of anticipated testimony.

**Interrogatory No. 3** sought the identification of all exhibits Plaintiff "may or will utilize during the course in this matter," including those materials relied upon in her Complaint.  Plaintiffs objected to the quoted term, but then stated that she had not identified her trial exhibits.

I find that Plaintiff's Answer to Interrogatory No. 3 is inadequate.  Although Plaintiff is quite correct that she is not at this point required to identify trial exhibits, it is reasonable to require her to identify documents referred to by her in her Complaint, or relied upon in drafting her Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff will supplement her answer to Interrogatory No. 3 within ten (10) days of the date of this Order, identifying those documents referred to in her Complaint, or those documents relied upon in drafting her Complaint.

**Interrogatory No. 4** asked whether Plaintiff had been a party to any other law suit, and if so, to provide the name and location of the court, the caption, her status in the suit, the final disposition and the identity of the attorney representing her.  Plaintiffs objected

on grounds of relevancy, but referred to documents in a previous Louisiana law suit involving termination of her disability benefits. LINA agrees that the only prior law suit they are interested in is that filed in Louisiana. LINA then goes on to state that it is entitled to compare the Louisiana suit documents in Plaintiff's possession with those it has, and further, needs production of those documents (which it did not seek in a formal Request for Production) because it has apparently lost "key documents referenced in the Louisiana Lawsuit."

I find that Plaintiff's answer to Interrogatory No. 4 is inadequate, in that it refers to documents, rather than simply answering the question posed. However, it also appears that LINA has the majority of the information requested in Interrogatory No. 4. (See Requests for Admission No. 6, stating the caption, court and cause number of the Louisiana law suit.).

**IT IS THEREFORE ORDERED** that Plaintiff will supplement her answer to Interrogatory No. 4 within ten (10) days of the date of this Order, stating the name of her attorney and the final disposition of the suit -- whether a judgment was entered, the cause dismissed, or a settlement reached.

### *IV. Requests for Production.*

**Request for Production No. 1** sought all documents or tangible items that "relate to, bear upon or concern" Plaintiff's Interrogatory Answers, or which she reviewed or relied upon in answering the Interrogatories. In its Motion to Compel, LINA reduces the scope of this Interrogatory, stating that it sought only documents Plaintiff relied upon in her Answers to Interrogatories, and clarification as to whether Plaintiff's initial disclosure constituted the

5

"universe of documents" Plaintiff relied upon.[2]

Plaintiff's Response states that she had previously produced all non-privileged documents, referring specifically to her initial disclosures and other information that she had produced. She asserted that her claims of privilege had not been challenged, and that there is nothing more to produce. LINA retorts that Plaintiff's privilege log is at issue, however it does not point out to any deficiency in the Log.[3]

I find that Plaintiff's Response to Request for Production No.1 is adequate, and no further response is required.

**Request for Production No. 2** sought production of any document relevant to or important to Plaintiff's claims or defendants' defenses, including any document generated by or received by potential witnesses relating to the subject matter of this suit.

After objecting to the production of attorney client materials or attorney work product documents, and to the term "relates to, bears upon or concerns," Plaintiff referred to production of documents previously made in response Request for Production No. 1[4], to her Initial Disclosures and to other information which as been or will be produced are

---

[2] The court invites counsel for LINA to be more precise in drafting Discovery Requests in the future, rather than throwing out a gill net when when it really seeks to cast a fly.

[3] Plaintiff's privilege log lists 11 documents, all apparently prepared in connection with the Louisiana law suit.

[4] Plaintiff refers Defendant to documents previously produced by LINA in this litigation, to documents provided to LINA in connection with pre-litigation correspondence concerning underpayment of her disability benefits and to other documents Plaintiff "will produce."

responsive to this Request.[5]

LINA has not indicated why the previously produced documents are non-responsive to this request. Accordingly, I find that Plaintiff's Response to Request for Production No. 2 is adequate, and no further response is required.

**Request for Production No. 3** sought all statements or opinions, oral, written or recorded, taken from and/or supplied by any party or lay witness related to any of the facts or issues of this lawsuit. **Request for Production No. 6** sought all exhibits, documents or jury aids[6] which Plaintiff intends to or might introduce at trial. **Request for Production No. 7** sought every document Plaintiff contemplates using at any proceeding which Plaintiff believes has relevance to or is important to the claims or defenses, including documents received by or generated by witnesses or consultants relating to any matter at issue. In its Reply Brief LINA addresses these Requests together, and states that what it seeks is production of the documentary basis for Plaintiff's claims, and those documents Plaintiff plans to introduce into evidence.

Plaintiff objected to terms used in the Requests which she deemed vague and over broad, and to the production of documents protected from discovery by attorney client privilege or work product immunity. She then referred to correspondence and filings generated by and between counsel and to pre-litigation correspondence seeking administrative review of her claims, and stated that no decision has been made as to what

---

[5]Plaintiff represents that she has produced 1,400 pages of documents to LINA. LINA does not dispute this representation.

[6]Counsel for LINA is reminded that this is a non-jury matter.

exhibits would be tendered at trial.

I find that Plaintiff's Responses to Requests 3, 6 and 7 are adequate, and that no further response is required.

## V.     *Requests for Admissions*

LINA failed to attach the disputed Requests for Admissions to its Motion to Compel and Memorandum in Support thereof, in violation of D.N.M.LR-Civ 26.6 and 37.1. [Docket No. 60]. It remedied this omission by attaching them to its Reply Brief. [Docket No. 73]. Although the court does not condone this carelessness, it finds no prejudice to Plaintiff, and therefor will consider the merits of the dispute over Plaintiff's Responses to Requests for Admission.

The court has reviewed the form of Plaintiff's responses to LINA's Requests for Admissions, as well as their content. Plaintiff's responses conform with the requirements of F.R.Civ.P. 36(a). Plaintiff's admissions and denials stand as written, and amended answers are not required.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
UNITED STATES MAGISTRATE JUDGE