IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DIANE JOHNSON,**

    **Plaintiff,**

**vs.**                 Civ. No. 05-357 JH/RLP

**BAXTER HEALTHCARE CORPORATION,**
**et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

  This matter comes before the Court on the motion by Defendants Baxter International, Inc. ("Baxter"), Baxter International Inc. Administrative Committee ("the Committee"), and American Hospital Long-Term Disability Plan (collectively, the "Baxter Defendants") to dismiss Counts II and III of the Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim, and to dismiss all claims against American Hospital Long-Term Disability Plan for lack of service [Doc. No. 19]. After reviewing the law, the pleadings, and the arguments of the parties, the Court concludes that the motion should be granted in part and denied in part as explained below, and Plaintiff will be granted leave to amend Count III of her complaint.

## LEGAL STANDARD

  In ruling upon a Rule 12(b)(6) motion to dismiss, the Court bears in mind that "all well-pleaded allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001). Because the Court reviews the sufficiency of the complaint alone, it

looks only at the four corners of the complaint.[1]  *See Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 960 (10th Cir. 2001) ("[G]enerally courts should not look beyond the confines of the complaint itself when deciding a Rule 12(b)(6) motion to dismiss.").  However, the Court " need not accept [plaintiff's] conclusory allegations as true" when deciding a Rule 12(b)(6) motion.  *Southern Disposal, Inc. v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998).

## BACKGROUND

The facts as allged in the SAC are as follows.  Plaintiff Diane Johnson ("Johnson") alleges that she is a former employee of American Hospital Supply Corporation who is covered by the American Hospital Long-Term Disability Plan ("the Plan").  Defendant Life Insurance Company of North America ("LINA") administered claims for long-term disability benefits under the Plan.  In March of 1985, Johnson was involved in a car accident.  She was unable to work, placed on disability, and began receiving benefits under the Plan.  Later that year, Baxter Healthcare Corporation purchased American Hospital.

The Plan provides disability benefits in an amount based upon the earnings of participants who become disabled.  Johnson alleges that first American Hospital Supply Corporation, and later Baxter, failed to provide LINA with complete and accurate earnings information regarding Johnson.  She also contends that LINA failed to provide her with a complete copy of her file and did not calculate her benefits properly.  Based on the foregoing, Johnson asserts three claims for relief under ERISA, 29 U.S.C. § 1001 et seq. In Count I, she makes a claim for benefits due under the Plan, along with

---

[1] Plaintiff offers exhibits in support of her motion to dismiss, which the Court declines to consider with respect to the portion of the motion brought under Rule 12(b)(6), as consideration of those exhibits would necessarily compel the Court to convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(b); *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

interest and attorneys fees, under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(g). In Count II, she claims that Defendants are liable for breach of fiduciary duty and requests "appropriate" relief and civil penalties under 29 U.S.C. §§§ 1109(a), 1132(a)(2), and 1132(*l*). In Count III, Johnson seeks to recover a civil penalty against Defendants under 29 U.S.C. § 1132(c).

## DISCUSSION

### I.     MOTION TO DISMISS COUNT II (BREACH OF FIDUCIARY DUTY)

As set forth above, in Count II Johnson claims that Defendants are liable for breach of fiduciary duty under 29 U.S.C. §§§ 1109(a), 1132(a)(2), and 1132(*l*).[2] Citing the Supreme Court's decisions in *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985) and *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the Baxter Defendants contend that Section 1109 (and Section 1132(a)(2), as the means of enforcing it) allows recovery only of losses to an employee benefit plan that has been damaged by a breach of fiduciary duty; individual beneficiaries have no remedies under those sections. Because Johnson has alleged only her own harm, and has not alleged harm to the Plan, the Baxter Defendants contend that Count II should be dismissed for failure to state a claim. Johnson, on the other hand, does not deny that Sections 1109 and 1132(a)(2) do not apply to her claims. She contends that her failure to cite the correct section of ERISA does not warrant dismissal. Instead, she advocates that the Court either recharacterize her claim as one under 29 U.S.C. § 1132(a)(3), or permit her to amend her complaint accordingly. Ordinarily, the Court would agree

---

[2] 29 U.S.C. § 1109(a) provides, in pertinent part: "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses *to the plan* resulting from each such breach . . ." (emphasis added). Section 1132(a)(2) provides that a beneficiary or participant in a plan may bring a civil action for appropriate relief under Section 1109.

with Johnson and would not dismiss her claim under Count II based solely on her failure to cite the correct subsection of the statute, which is a technical pleading error. However, because the Court concludes that under Supreme Court and Tenth Circuit precedents Johnson has no viable claim under Section 1132(a)(3), both "recharacterization" and amendment of the claim would be futile, and therefore Count II should be dismissed. *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Although Fed. R .Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.").

In reaching this conclusion, the Court has considered the structure of the remedies afforded by ERISA and the jurisprudence interpreting the statute. In Count I of the SAC, Johnson makes a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), which authorizes lawsuits "to recover benefits due to [her] under the terms of his plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." In contrast, Johnson now contends that her claim under Count II arises from Section 1132(a)(3), which provides that plan's participant, beneficiary, or fiduciary may bring a civil action "(A) to *enjoin* any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate *equitable* relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3) (emphasis added). Thus, whereas a claim under Section 1132(a)(1)(B) is one to recover lost monetary benefits, Section 1132(a)(3) provides only equitable relief. *Great-West Life & Ann. Ins. Co. v. Knudson*, 534 U.S. 204, 221 (2002) ("[Section 1132(a)(3)], by its terms, only allows for *equitable* relief.") (emphasis in original); *Callery v. U.S. Life Ins. Co. in the City of New York*, 392 F.3d 401, 409 (10th Cir. 2004) ("[I]n a suit by a beneficiary against a fiduciary, the beneficiary may not be awarded compensatory damages as

'appropriate equitable relief,' under [Section 1132(a)(3)] of ERISA.").

However, nowhere in the SAC does Johnson assert any claim for equitable relief. As that term is used in Section 1132(a)(3), "equitable relief" refers to "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Associates*, 508 U.S. 204, 256 (2002). In the body of the SAC she requests lost plan benefits, SAC at ¶ 31, future payments, *id*. at ¶ 32, pre-judgment and post-judgment interest, *id*. at ¶ 32, attorney's fees, *id*. at ¶ 33, and civil penalties, *id*. at ¶ 39. *See also* "Request for Relief," SAC at p. 8. All of these are requests for legal and statutory relief. In Count II of the SAC, as well as in the final prayer, Johnson does ask for "appropriate" relief for the alleged breach of fiduciary duty. *Id*. at ¶ 39. However, makes no affirmative request for equitable relief nor does she plead facts in the SAC that would support a claim for equitable relief. The Court declines to construe the SAC as containing such a claim when one is not evident on its face. *See Moffett v. Halliburton Energy Servs*., 291 F.3d 1227, 1234 (10th Cir. 2002) (affirming district court's granting of motion to dismiss ERISA claim where plaintiff failed to "identify in his complaint what specific equitable relief he desires."). Indeed, the Court might have reached a different conclusion if in her response brief [Doc. No. 21] Johnson had explained the nature of her equitable claim. However, Johnson skirted this issue carefully, arguing that "a pleading need not precisely define the relief sought in order to be sufficient" and that her request for "appropriate relief" comports with the language of Section 1132(a)(3). However, she stops short of asserting that she has a claim for relief typically available in equity as required by Section 1132(a)(3). Because it appears that Johnson has no claim under that part of the statute, the Court declines to permit her to amend or "recharacterize" her claim as one under that section.

The Baxter Defendants offer a second persuasive reason to dismiss Count II of the SAC. They argue that because Johnson has a remedy under Section 1132(a)(1)(B), she may not also assert a claim under Section 1132(a)(3). The Court agrees. In *Varity*, the Supreme Court described the structure and purpose of Section 1132(a) and its subsections:

> Four of that section's six subsections focus upon specific areas, i.e., the first (wrongful denial of benefits and information), the second (fiduciary obligations related to the plan's financial integrity), the fourth (tax registration), and the sixth (civil penalties). The language of the other two subsections, the third and the fifth, creates two "catchalls," providing "appropriate equitable relief" for "any" statutory violation. This structure suggests that these "catchall" provisions act as a safety net, *offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy*. And, . . . there is nothing in the legislative history that conflicts with this interpretation.

*Varity*, 516 U.S. at 512 (emphasis added). Thus, the Supreme Court interprets Section 1132(a)(3) as a "backup" when the other subsections offer a claimant to relief. As a result, the Supreme Court observed that "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id*. at 515. Finding that the claimant in that case had no other avenue of relief under ERISA, the *Varity* court held that he was entitled to proceed under Section 1132(a)(3). *Id*. Relying on the rationale of *Varity*, the Tenth Circuit Court of Appeals held that where plaintiffs have a cognizable claim under Section 1132(a)(1)(B)—like Johnson does in this case—a claim under Section 1132(a)(3) is improper. *Lefler v. United Healthcare of Utah, Inc.,* 72 Fed. Appx. 818, 826, 2003 WL 21940936 \*\*6 (10th Cir. August 14, 2003).[3] As the Baxter

---

[3] The parties have not cited, and the Court has not found, any other pronouncement by the Tenth Circuit on this issue.

Defendants point out, other circuit courts uniformly have reached similar conclusions. *See, e.g.*, *Geissal v. Moore Med. Corp.*, 338 F.3d 936, 933 (8th Cir. 2003); *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003); *LaRocca v. Borden, Inc.*, 276 F.3d 22, 29 (1st Cir. 2002) (dispute over employer's misconduct in terminating the plan, not over plan language); *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (dispute over administrator's conduct in denying claim, not over plan language); *Tolson v. Avondale Indus. Inc.*, 141 F.3d 604, 610 (5th Cir. 1998); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474-75 (9th Cir. 1997) (dispute over fiduciary conduct, not plan language).

Johnson seeks to distinguish *Varity*, *Leffler*, and the other circuit court cases cited above. In attempting to do so, she relies solely on *Soon v. PNM Resources, Inc.*, Civ. No. 04-676 BB/DJS (D.N.M. May 27, 2005) (slip op.), in which the court permitted a claim under Section 1132(a)(3), observing that "if an administrator's conduct is at issue, rather than interpretation of the plan, *and that conduct has deprived the plaintiff of an otherwise viable claim for benefits*, courts have not recharacterized the claim" from Section 1132(a)(3) to Section 1132(a)(1). *Id*. (emphasis added). Based on the foregoing, Johnson argues that where the claim is based upon the alleged misconduct of a plan fiduciary (as here), rather than an interpretation of plan language, courts allow the Section 1132(a)(3) claims to proceed. Other than *Soon*, Johnson points to no authority to support her contention that the issue of the viability of her Section 1132(a)(3) claim turns solely on that question.

Johnson's argument is without merit. First, the Court disagrees with Johnson's contention that *Lefler*, *Geissal*, *Ogden*, *LaRocca*, *Wilkins*, and *Forsyth* all involved disputes over plan language rather than the conduct of a fiduciary and are therefore distinguishable on that basis. In fact, several of them involve disputes over conduct, not plan language. Second, Johnson misconstrues *Soon*. As

7

the above quotation from *Soon* demonstrates, the court found that Section 1132(a)(3) claims should proceed when the conduct of the fiduciary or plan administrator has deprived the claimant of all other relief under ERISA.[4] But Johnson ignores that key priviso, instead focusing solely on the question of whether a plaintiff's claims arise from plan language or plan conduct. However, there is nothing in the language of the statute that supports allowing Section 1132(a)(3) claims where fiduciary conduct, rather than plan language, is at issue, without heed to the question of whether the claimant has an adequate claim for relief under another subsection. Moreover, *Varity* provides no support for such a distinction; rather, the Supreme Court's decision turned on the question of whether the plaintiff had a cognizable claim for relief under one of the other subsections of Section 1132(a). The same is true of *Lefler*. In this case, Johnson has a viable claim under Section 1132(a)(1) that appears to offer a satisfactory remedy. Therefore, her ostensible claim under Section 1132(a)(3) may not go forward.

Because Johnson has no claim under either Section 1132(a)(2) or (a)(3), Count II of the SAC will be dismissed.

## II.      MOTION TO DISMISS COUNT III (CIVIL PENALTY UNDER 29 U.S.C. § 1132(c))

Johnson's claim under Count III is one for recovery of a civil penalty and arises under 29 U.S.C. § 1132(c)(1), which provides, in pertinent part:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last

---

[4] Finding that the plaintiff (the widow of the plan participant) had no remedy under Section 1132(a)(1) and that she was seeking more than mere plan benefits, the *Soon* court permitted her to go forward under Section 1132(a)(3).

>known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

The Baxter Defendants contend that this claim should be dismissed because Johnson has failed to specifically allege what information she requested from them which they did not provide. In support of this argument, they rely upon *Moffett*, 291 F.3d at 1232, and *Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1507 (10th Cir. 1995). The Court agrees with the Baxter Defendants that *Moffett* and *Maez* require Johnson to specifically enumerate the materials that she requested from them which they failed to provide to her, and that the SAC fails to meet that standard.

However, the Court disagrees with the Baxter Defendants on the question of whether Johnson should be permitted to amend her complaint. The Court is mindful of the fact that Federal Rule of Civil Procedure 15(a) provides liberal standards for amending a pleading: before a responsive pleading is filed a party may amend a pleading at any time without leave of court, and after a responsive pleading is filed leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While the Baxter Defendants point out that Johnson has already twice amended her original complaint, both of those amendments took place within 20 days of the filing of the original and before any defendant had filed a responsive pleading, and therefore did not require leave of court. Furthermore, based upon Johnson's response to the motion to dismiss, the Court concludes that such amendment would not be futile. Johnson argues that if permitted to amend, she would allege that Defendants failed to respond to her requests for a copy of the plan, for a written response to her August 17, 2004 appeal to collect underpayments, and for guidelines for review of her appeal to collect underpayments.

9

Accordingly, Johnson may file a third amended complaint in order to allege specific facts in support of Count III as required by *Moffett* and *Maez*, provided that she is able to do so within the bounds of Rule 11 and provided that she does so no later than October 31, 2006.

### III.    MOTION TO DISMISS FOR INSUFFICIENT SERVICE

The Plan moves for the dismissal of all of Johnson's claims against it under Rule 12(b)(5) on the grounds that it has never been served with the summons and complaint. A plaintiff asserting a claim under ERISA may serve her complaint either through the mechanisms in Rule 4 of the Federal Rules of Civil Procedure, or under  29 U.S.C. § 1132(d)(1), which provides that "service of summons, subpoena, or other legal process of a court upon a trustee *or an administrator* of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan."

Johnson contends that she did effect proper service under Section 1132(d)(1) because she served the Committee, the administrator of the Plan.[5] In its reply brief [Doc. No. 28], the Committee does not dispute that it is the administrator of the Plan, but rather that service on the Committee does not constitute service on the Plan. The Committee cites no authority for this position, perhaps because it makes little logical sense. The Committee is being sued in its capacity as administrator of the Plan. SAC at ¶ 5. Thus, service of the lawsuit on the Committee would naturally be service on the Committee in its capacity as administrator, satisfying Section 1132(d). Accordingly, the motion to dismiss for insufficient service will be denied.

---

[5] Defendant LINA also refers to itself as the "Plan Administrator." *See* LINA's Motion for Summary Judgment, Doc. No. 61. Like the Committee, LINA was properly served with the SAC. Thus, regardless of whether LINA or the Committee is the administrator, service was proper under Section 1132(d)(1) as further explained herein.

**IT IS THEREFORE ORDERED** that:

(1)     *Motion of the Baxter Defendants to Dismiss Counts II and III of the Second Amended Complaint and to Dismiss the Entire Second Amended Complaint as to the American Hospital Long-Term Disability Plan* [Doc. No. 19] is **GRANTED IN PART** and **DENIED IN PART**;

(2)     Count II of the Second Amended Complaint is **DISMISSED WITH PREJUDICE**;

(3)     Plaintiff may file a third amended complaint in order to allege specific facts in support of Count III as described herein, provided that she is able to do so within the bounds of Rule 11 and provided that she does so no later than October 31, 2006; and

(4)     The Motion is **DENIED** in every other respect.

_____
**UNITED STATES DISTRICT JUDGE**