**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DIANE JOHNSON,

                **Plaintiff,**

vs.                                               **Civ. No. 05-357 JH/RLP**

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

                **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions: *Life Insurance Company of North America's Motion for Reconsideration and Brief in Support* [Doc. No. 98], and *Plaintiff's Motion to Amend Partial Summary Judgment Order and for Entry of Final Judgment* [Doc. No. 99]. After considering the facts, the law, and the arguments of counsel set forth in the briefs, the Court concludes that LINA's motion to reconsider should be denied, and Johnson's motion to amend the judgment should be granted.

## BACKGROUND

In this action brought under ERISA, Plaintiff Diane Johnson ("Johnson") sued Defendants for underpayment of disability benefits, breach of fiduciary duty, and recovery of a civil penalty. The Defendants fall into two groups: Baxter International Inc. (incorrectly identified in the complaint as Baxter Healthcare Corporation), Baxter International Inc. Administrative Committee (incorrectly identified in the complaint as Administrative Committee of Baxter Healthcare Corporation), and the American Hospital Long-Term Disability Plan (collectively, the "Baxter Defendants"), and Life Insurance Company of North America ("LINA").

On June 17, 2005, the Baxter Defendants moved to dismiss Counts II (breach of fiduciary duty) and III (recovery of civil penalty) of Johnson's Second Amended Complaint.  On October 23, 2006, the Court entered a Memorandum Opinion and Order dismissing Count II of the Complaint and, in accordance with Johnson's request, permitting her to amend Count III in order to plead it with the required specificity.[1]

On June 16, 2006, LINA and Johnson filed cross motions for summary judgment on Johnson's claims against LINA for underpayment of benefits under Count I only.  *See* Doc. Nos. 61 and 64.  On October 27, 2006, the Court entered a Memorandum Opinion and Order granting summary judgment in favor of Johnson on that claim, setting forth the amounts due to Johnson before the Social Security offset, which the Court did not address.  *See* Doc. No. 93.   In doing so, the Court rejected LINA's contention that Count I was barred by the statute of limitations as well as the doctrines of res judicata and laches, concluding that LINA's had not only failed to specifically plead those defenses as required by Rule 8(c), but had also failed to request leave to amend its answer to include them.  *Id*. at p. 6.  As for  LINA's defense of accord and satisfaction, which it had expressly pled, the Court concluded from LINA's brief that it did not dispute Johnson's contention that it had failed to raise that defense at the administrative stage, and therefore had waived the defense.  The Court's October 27, 2006 Memorandum Opinion and Order did not address Count II because it had been dismissed, and did not address Count III because it had previously given Plaintiff leave to amend that claim.  In addition, the Court also declined to discuss Counts II and III because the parties' summary judgment motions had dealt only with Count I.  The Court entered a

---

[1] When the Court entered its October 23, 2006 Memorandum Opinion and Order, it was not aware that Johnson and the Baxter Defendants had filed a Stipulation of Dismissal With Prejudice of All Claims Against the Baxter Defendants [Doc. No. 90] just a few days earlier.

Partial Summary Judgment in accordance with its Memorandum Opinion and Order.

On October 31, 2006, Johnson filed her Third Amended Complaint. Having apparently settled with the Baxter Defendants, Johnson named only LINA as a defendant. Johnson replead her claim against LINA for underpayment of benefits in Count I, even though the Court had just entered judgment in her favor on that claim a few days earlier, essentially rendering that claim moot (except for the amount of the Social Security offset). Johnson also reasserted her claim for a civil penalty against LINA, though she plead it with the additional specificity required by the Court's October 23, 2006 Memorandum Opinion and Order. On November 6, 2006, LINA filed its answer to the Third Amended Complaint, this time including the affirmative defenses of, *inter alia*, accord and satisfaction, res judicata, waiver and estoppel, latches, and the statute of limitations.

Two days later, on November 8, 2006, LINA filed the motion to reconsider currently pending before the Court. One day after that, on November 9, Johnson and LINA filed a stipulated dismissal with prejudice on the issue of the amount of the Social Security offset (relevant to Johnson's claim for underpayment of benefits in Count I) and on Johnson's claim for a civil penalty. *See* Doc. No. 100. LINA and Johnson reserved their right to file motions "in connection with the partial summary judgment entered by the Court." *Id.* at p. 1. LINA's motion to reconsider and Johnson's motion to amend partial summary judgment then followed.

<u>DISCUSSION</u>

I.     **LINA's Motion to Reconsider**

Generally, a "motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, *Clough v. Rush*, 959 F.2d 182, 186 n. 4 (10th Cir. 1992), may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is

3

treated as a motion for relief from judgment under Rule 60(b)." *Computerized Thermal Imaging,*

*Inc. v. Bloomberg, L.P*., 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002).  In this case, LINA has timely

filed a motion to reconsider under Rule 59(e).

"Grounds warranting a motion to reconsider include (1) an intervening change in the

controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or

prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000).  *See also Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000)

(holding that Rule 59(e) motions "should be granted only to correct manifest errors of law or to

present newly discovered evidence"); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th

Cir. 1995) (noting that the requirements for motions for reconsideration are "an intervening change

in the controlling law, the availability of new evidence, or the need to correct clear error or prevent

manifest injustice").

LINA does not point to an intervening change in the law, nor does it come forward with

newly discovered evidence that it claims alters the Court's analysis.  Instead, LINA argues that the

Court's ruling results in manifest injustice.  LINA's rationale is that the Tenth Circuit interprets the

inclusion of new issues in a motion for summary judgment context as a potential request to amend

a pleading.  Therefore, LINA contends that the Court should have interpreted its discussion of its

unplead affirmative defenses in its motion for summary judgment as a tacit request to amend its

answer.  In support of its argument, LINA cites *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 790

n.9 (10th Cir. 1998).  LINA also contends that it is manifestly unfair that the Court permitted

Johnson to amend Count III of her complaint (the statutory penalty claim, which is now Count II),

and did not permit LINA to amend its answer to include previously unpled affirmative defenses.

LINA's argument overlooks several important points. First, as the Court reads it, *Viernow* does not

4

stand for the proposition that the inclusion of new arguments in a response to a motion for summary judgment must always be construed as a request to amend a pleading. *Id*. In fact, *Viernow* says that the inclusion of new arguments in a plaintiff's response to a motion for summary judgment[2] "may be considered" as a request to amend the complaint. *Id*. Thus, amendment is permissive, not mandatory.

Second, and perhaps most importantly, LINA failed to request leave to amend its answer in a timely manner. For the first time in its motion to reconsider, LINA belatedly argues that the Court should have granted that relief in the absence of any prior request for it. The pleadings show that LINA did not ask for that relief in its response to Johnson's motion for summary judgment. Instead, LINA argued the merits of its affirmative defenses and contended that it had preserved them. *See* Doc. No. 70 at p. 2, n. 1; Doc. No. 61 at pp. 7-11; and Doc. No. 77 at pp. 4-5. In contrast, in response to the Baxter Defendants' motion to dismiss Johnson affirmatively requested leave to amend her complaint. *See* Doc. No. 21 at p. 11. LINA's belated request for leave to amend after the Court has entered partial final judgment on Count I in favor of Johnson comes too late. As the Tenth Circuit has explained, a party may not support a motion to reconsider with new arguments which were available at the time of the original motion. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Finally, *Viernow* suggests that leave to amend should be granted only where amendment does not occur so late in the case that it will cause prejudice to the other party. 157 F.3d at 790 n. 9. When the Court allowed Johnson to amend her claim for civil penalties, it did so in order to let

---

[2] *Viernow* discusses this principle in the context of permitting amendment of a complaint, but neither that case nor later Tenth Circuit decisions citing it for that principle applies it to allow amendment of an answer to include new defenses not previously pled.

her plead the claim with increased specificity.  However, at that time all Defendants already had notice of the claim itself, as it had been included since the beginning of the case.  There was no hint of prejudice to any party by allowing Johnson to replead an existing claim with additional specificity.  In contrast, LINA has raised entirely new legal defenses of which Johnson had no prior notice, to which Johnson now objects because the discovery deadline has passed.  LINA has not met its burden to show lack of prejudice to Johnson.

Next, LINA argues that it should be permitted to add its affirmative defenses to its answer to Johnson's Third Amended Complaint.  As LINA points out, if a plaintiff files an amended complaint, as a general matter the federal rules contemplate an amended answer.  However, this situation is different in several important ways.  First, by the time Johnson filed her Third Amended Complaint, and LINA filed its answer to it, the Court had entered its Partial Summary Judgment on Count I, rendering that claim essentially moot.  The fact that Johnson replead Count I in her Third Amended Complaint did not bring Count I back to life or signify that it could be litigated again from the beginning.  Rather, Johnson's actions in repleading Count I and LINA's actions in answering it did nothing to alter the fact that the Court had already decided most of the issues regarding that claim (except for the amount of the Social Security offset, which has now been settled).   This is particularly true because with regard to allegations concerning Count I, the Third Amended Complaint is essentially identical to the Second Amended Complaint.  The few changes to the complaint all go to Johnson's claim for a civil penalty in Count II, not to her claim for underpayment of benefits.  Second, LINA fails to explain why the Court should reconsider its decision granting Johnson summary judgment on her claim for underpayment of benefits under Count I based upon legal defenses and theories not before the Court at the time of its decision.  As this Court has observed, those legal defenses were available to LINA before the October 27, 2006 Memorandum

Opinion and Order, but LINA failed to either plead them or request leave to amend its answer to include them.  Both the Third Amended Complaint and LINA's answer in which it finally raised the defenses came after the Court had already entered judgment for plaintiff on her claim for underpayment of benefits.  Even though LINA never pled the affirmative defenses until after Johnson had prevailed on Count I, it now asks the Court to apply those defenses retroactively to a claim on which the Court has already granted summary judgment to Johnson.  This does not result in an injustice to LINA.

Finally, after the Court entered its October 27, 2006 Memorandum Opinion and Order, Count II was still at issue.  Indeed, the differences between the Second and Third Amended Complaints all stem from Johnson's effort to plead Count II with the required specificity in order to avoid dismissal of that claim.  Thus, in theory LINA may have been able to add its affirmative defenses to its answer to the Third Amended Complaint, at least to the extent those defenses applied to Count II, Johnson's sole remaining claim at that point.  However, LINA admits that its newly pled affirmative defenses of res judicata, statute of limitations, and laches apply only to Johnson's claims for underpayment of benefits in Count I.  *See* Doc. No. 105 at p. 6.  Indeed, that must be the case because Johnson's claim for a civil penalty in Count II, which is based on LINA's alleged failure to provide her with certain information required by ERISA, did not arise until after June 14, 2004.  This was well after the conclusion of the Louisiana litigation that LINA claims gives rise to its defense of res judicata.  Clearly, the Louisiana litigation could not have resolved a claim that had yet to accrue.  Similarly, because Johnson filed her original complaint just nine months later, on March 30, 2005, the defenses of statute of limitations and laches do not apply to Count II either.  In light of these facts, the Court conclude that the Third Amended Complaint did not "open the door" for LINA to plead affirmative defenses that it should have pled before the Court entered

summary judgment on behalf of Johnson.

LINA's motion to reconsider will be denied.

## II.     Johnson's Motion to Amend Judgment and for Entry of Final Judgment

In this motion, Johnson asks for two forms of relief.  First, she asks the Court to alter its prior partial judgment to correct an oversight in its analysis which omitted one calculation regarding additional amounts owed by LINA on benefits already paid in the past.  Because Johnson filed this motion within ten days of the entry of the Court's Partial Summary Judgment, the Court construes it as a motion under Rule 59(e).  Second, because she has now dismissed her claims regarding the proper amount of the Social Security offset and her claim for a civil penalty under Count II, Johnson asks the Court to enter a final judgment in this case, and to include pre- and postjudgment interest in that final judgment.  The Court addresses each in turn.

### A.     Motion to Amend Judgment

In her motion, Johnson points out that the Court's previous decision properly calculated amounts payable to Johnson due to LINA's omission of certain income (the "vacation" and "commission" payments), but failed to address the shortfall owed to Johnson resulting from LINA's use of a 360-day year in its *past* payments to Johnson, which improperly excluded the vacation and commission payments.  A review of Johnson's brief in support of her motion for summary judgment [Doc. No. 65] reveals that she did make this argument in a timely fashion, and that the Court mistakenly overlooked it.  Thus, the Court finds no merit in LINA's statement that this is a request for a "new form of relief."  Doc. No. 103 at p.2.

Therefore, the Court will amend its prior judgment to include an additional payment to Johnson as follows.  The proper calculation of the monthly benefit to Johnson (not including the vacation and commission payments), based upon a 365 day year, is $37,148.79 (earnings less sick

pay) ÷ 247 (the number of days in employment period) x 365 (the number of days in the year) = $54,895.98 (annualized earnings) x .60 (60% of salary, as provided in the Policy) ÷ 12 (number of months in the year) = $2,744.80 (correct monthly benefit before Social Security offset).  LINA erroneously performed this calculation using a 360-day year, leading to a calculation of a monthly benefit of $2,707.20, leading to a monthly underpayment of $37.60.  This monthly shortfall, multiplied by the number of months from the Long Term Disability Date through June 30, 2008 (272 months), equals **$10,227.20**.  Johnson's motion to amend the judgment will be granted accordingly.

### B.    Pre- and Postjudgment Interest

Johnson also moves for entry of final judgment and for an award of pre- and postjudgment interest.  As discussed above, the two issues remaining for trial at the time the Court entered its Partial Summary Judgment—Count II of the Third Amended Complaint and the proper amount of the Social Security offset—are no longer pending before this Court.  Thus, Johnson has asked for entry of a final judgment under Rule 54.  For reasons that are not clear to this Court, LINA appears to oppose entry of final judgment.  However, there being no further issues to adjudicate, the Court concludes that entry of a final judgment is appropriate.

Johnson also moves for an award of pre- and postjudgment interest.  LINA objects on the basis that in her motion for summary judgment, Johnson did not present argument and evidence in support of a claim for interest.  However, LINA overlooks the fact that Johnson's motion for summary judgment applied only to her claim for underpayment of benefits; it did not address the entire case.  Thus, given the posture of the case at that time, it would have been premature for Johnson to have raised the issue of pre- and postjudgment interest in her motion for summary judgment on Count I.  Further, as Johnson points out, it is well established that motions for pre- and

postjudgment interest are properly brought under Rule 59(e). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) ("a postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)").

"Prejudgment interest is compensatory in nature, repaying the plaintiff for the lost use of principal." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1226 (10th Cir. 2007). "The award of prejudgment interest is considered proper in ERISA cases." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002). Both Johnson and LINA agree that the Court may award prejudgment interest when the award serves to compensate the injured party and is otherwise equitable. *Overbrook Farmers Union v. Mo. Pac. RR. Co.*, 21 F.3d 360, 366 (10th Cir. 1994).

First, the Court concludes that prejudgment interest would serve to compensate Johnson. The Court has determined that LINA has improperly underpaid Johnson benefits due to her in the past. If LINA had paid those amounts to Johnson in a timely fashion, she could have used that money or otherwise invested it. As it stands, Johnson lost the time-value of those funds and therefore is entitled to compensation. Furthermore, an award of prejudgment interest in this case is equitable because LINA failed to include the vacation and commission payments to properly calculate Johnson's total income, but LINA did use those payments to increase the amount of Johnson's Social Security offset (and therefore to decrease the amount of its monthly payments to her). Further, it is LINA's fault that it improperly calculated Johnson's benefit using a 360-day year, which improperly decreased its payments to her.

Next, the Court must exercise its discretion to determine the rate of prejudgment interest that LINA must pay to Johnson, as well as whether to use monthly compounding. The Court agrees with Johnson that because LINA was obligated to make payments to Johnson on a monthly basis, monthly compounding is appropriate. The Court is also persuaded that the rates set forth in 28

10

U.S.C. § 1961 are fair and equitable, and therefore should govern the rate of prejudgment interest. Johnson has provided the Court with calculations of the amount of prejudgment interest for the three components of her award (underpayment of past disability payments based on use of 360-day year, underpayment due to failure to include commission payment, and underpayment due to failure to include vacation payment), through October 31, 2006.  That amount is **$94,957.21.**  However, LINA must pay Johnson an additional amount of prejudgment interest from November 1, 2006 until June 30, 2008, using the same method of calculation as set forth in the a Affidavit of Carl M. Alongi, attached as Exhibit 1 to Doc. No. 99.

Finally, Johnson is entitled to postjudgment interest as of the date of entry of final judgment in this case.  That final judgment will be entered contemporaneously with this Memorandum Opinion and Order.  Pursuant to 28 U.S.C. § 1961, the applicable interest rate is equal to the weekly average of one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of the judgment.  That rate is 2.46%.

**IT IS THEREFORE ORDERED** that *Life Insurance Company of North America's Motion for Reconsideration and Brief in Support* [Doc. No. 98] is **DENIED**, and *Plaintiff's Motion to Amend Partial Summary Judgment Order and for Entry of Final Judgment* [Doc. No. 99] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**