IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIANE JOHNSON,

      Plaintiff,

vs.                                                                   Civ. No. 05-357 JH/RLP

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This case is before the court on *Plaintiff's Motion for An Award of Attorney's Fees and Expenses* [Doc. No. 112]. After considering the law, the evidence, and the arguments of counsel, the Court concludes that the motion for attorney's fees should be granted, though in an amount less than requested by the Plaintiff.

## DISCUSSION

This is an ERISA case in which Plaintiff Diane Johnson ("Johnson") was the prevailing party. Under ERISA, a district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "In deciding whether to exercise its discretion and award fees, a district court should consider the following nonexclusive list of factors: (1) the degree of the offending party's culpability or bad faith; (2) the degree of the ability of the offending party to satisfy an award of attorney fees; (3) whether or not an award of attorney fees against the offending party would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the plan as a whole; and (5) the relative merits of the parties' positions." *Deboard v. Sunshine Mining & Refining Co.*, 208 F.3d 1228, 1244 (10th Cir.

2000). Johnson has addressed each of the *Deboard* factors in support of her argument that she is entitled to recover attorneys fees. LINA has not responded to any of those arguments, and opposes only the amount of fees that Johnson requests. The Court has considered all the *Deboard* factors and concludes that an award of attorney's fees is appropriate in this case, as on several occasions LINA has taken legal positions that the Court has found to be untenable, there appears to be little doubt as to LINA's ability to pay the fees, and the award will act as deterrent in the future for both LINA and other parties in similar circumstances. Therefore, all that remains is the amount of the fee to be awarded.

**I.      THE LODESTAR CALCULATION**

The parties agree that the Court should employ the "lodestar" method of calculating the proper fee–that is, a reasonable hourly rate multiplied by the reasonable number of hours worked. The parties dispute both components of the lodestar calculation. The burden of proof is on the Johnson as the party claiming her attorneys' fees to prove entitlement and to "document[ ] the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

**A.      Hourly Rates**

LINA disputes the reasonableness of the hourly rates claimed by Johnson's counsel, which are $220 per hour for Donald A. DeCandia ("DeCandia") and $150 per hour for Ethan Epstein ("Epstein"), which according to their affidavits were their standard hourly rates in 2003 when this litigation began.[1] Johnson also seeks an hourly rate of $105 per hour for paralegal Ashley Ahlborn

---

[1] According to DeCandia's affidavit, as of January of 2008, his standard rate was $275 per hour and Epstein's standard rate was $210 per hour. However, their rates have remained at $220 per hour and $150 per hour, respectively, throughout the duration of this case.

and $110 per hour for research performed by law students employed as summer associates.

According to the evidence before the Court, DeCandia graduated from law school in 1989 and has practiced law in New Mexico since that time. A shareholder at the Modrall Sperling firm, he has significant experience in litigation and in handling ERISA matters. Epstein graduated from law school in 2001, and in 2002 he received an LL.M. degree in taxation from New York University. At that time he began practicing law in Texas and then joined Modrall Sperling, where he is an associate, in 2004. Johnson sets forth an excerpt from a report entitled "The Survey of Law Firm Economics," prepared by Altman Weil, Inc. That report shows that as of January 1, 2006, in the Mountain Region of the United States, the average billing rate for attorneys with 16 to 20 years of experience (like DeCandia) was $246 per hour and the median rate for such attorneys was $230 per hour. The same report stated that for attorneys with four or five years experience (which Epstein had for most of this litigation), the Mountain Region's average rate was $183 and the median rate was $175.

Similarly, LINA has provided the Court with the affidavit of its counsel, Lorna M. Wiggins ("Wiggins"). Wiggins graduated from law school in 1982 and has practiced law in New Mexico since 1984. Her current hourly rate varies from $175 to $225 per hour, though she has charged LINA $180 per hour throughout the duration of this case. Her co-counsel, Patricia G. Williams, was admitted to the bar in 1987 and charges clients $175 per hour. Wiggins states that lawyers in her office with less than four years of experience have hourly rates of $145 per hour.

Having reviewed the foregoing evidence, the Court concludes that the rates of $220 per hour for DeCandia and $150 per hour for Epstein are reasonable in the New Mexico legal community. Clearly there is a range of hourly rates charged by New Mexico lawyers of comparable skill and experience. The rates charged by DeCandia and Epstein are within that range and are reasonable.

Johnson also seeks to recover fees for work performed by paralegal Ashley Ahlborn, who had nine years of experience, at the rate of $105 per hour. LINA does not dispute the reasonableness of this rate. The Court finds that rate to be reasonable in light of Ahlborn's experience and the rates charged for DeCandia and Epstein.

Finally, Johnson seeks to recover fees charged for research performed by three law students employed at Modrall Sperling as summer associates. Johnson is claiming a rate of $110 per hour for their work, though she has not come forward with evidence to support the reasonableness of that rate. LINA objects, on the grounds that it is not common practice in the New Mexico legal community to charge for the work of summer associates. The Court disagrees with LINA on that point, but also concludes that the rate of $110 per hour is excessive for law students, especially when compared to the rate of $105 per hour for a paralegal with nine years of experience. In the Court's view, a reasonable rate for law students with some legal training but virtually no legal experience is $50 dollars per hour. Thus, Johnson will be compensated for the work of the law students at the rate of $50 per hour plus gross receipts tax.

  **B.** **Number of Hours Worked**

LINA objects to the number of hours billed by Johnson's counsel, arguing that they "overworked the case." According to LINA, it "consistently took the position that this was a records review case that did not require discovery plans, discovery, extensive motions practice or trial preparation . . .", and that Johnson's counsel unnecessarily drove up the cost of prosecuting the case. Doc. No. 120 at p. 3. After reviewing the record, the Court disagrees with LINA. It appears that both parties expressed an interest in expediting resolution of this case through some form of record review or other form of alternative dispute resolution, but never reached an agreement regarding how to proceed. However, the record before the Court shows no obstructionist behavior by

Johnson's counsel, and the failure of the parties to reach an agreement on record review does not mean that Johnson's fee request is unreasonable. Furthermore, it is apparent that at least some discovery was necessary in this case, because Judge Puglisi granted Johnson's motion and allowed her to conduct limited written discovery. *See* Doc. No. 43.

LINA also contends that Johnson's counsel engaged in impermissible "block billing" and that the descriptions of work performed are too vague. LINA cites some time entries in support of its argument. The Court has reviewed the time entries cited by LINA and concludes that they are acceptable. While counsel for Johnson has in certain instances grouped several tasks together in one time entry, the descriptions of the work performed for each entry contains adequate specific information such that the Court is able to assess whether the time spent was reasonable and necessary. Indeed, the Court has reviewed the bills in their entirety and—in light of the quality of the work performed by LINA's counsel, the challenges of the case, and the results obtained—concludes that the time allotted for the work done by Johnson's attorneys was necessary and reasonable.

Next, LINA asserts that Johnson's counsel engaged in "duplicative billing for conferences between Plaintiff's attorneys." Once again, the Court disagrees with LINA. In reviewing some of the "130 instances" of such "duplicative billing" cited by LINA, the Court has observed that Johnson's counsel has billed for conversations, conferences, and other communications between attorneys and law students working on the case. There is nothing impermissible in this; indeed, it is both necessary and desirable for co-counsel to discuss the case in order to pursue and execute the best strategy for their client. Furthermore, in looking at the examples cited by LINA, the Court found that in each instance Plaintiff seeks to recover fees for the time spent by only one lawyer involved in the conference or other communication. This is reasonable.

Finally, LINA argues that Johnson's counsel has improperly included time entries related to the claims against the Baxter defendants, as well as 2.5 hours billed by DeCandia for editing the bills to eliminate entries pertaining to Baxter. The Court agrees with LINA that it should not have to pay for attorney time spent removing the billing entries pertaining to Johnson's claims against Baxter, and therefore it will deduct the 2.5 hours spent by DeCandia on that process, a total of $550 plus tax. LINA lists various other time entries that mention the Baxter defendants, arguing that Johnson should not be compensated for that time either. The Court has reviewed each of the entries enumerated by LINA and finds that some are compensable because they bear directly on the litigation against LINA, while others are not. The Court will deduct 4.7 hours spent by Epstein on June 28, 2005 ($705 plus tax); 2.7 hours spent by Epstein on September 27, 2005 ($405 plus tax); 1.0 hour spent by DeCandia on November 4, 2005 ($220 plus tax); .6 hours spent by Epstein on November 14, 2005 ($90 plus tax); .3 hours spent by Epstein on October 23, 2006 ($45 plus tax); and .1 hour spent by Epstein on October 24, 2006 ($15 plus tax).

### C.     Cost of Preparing the Fee Application

Johnson also seeks feels incurred in preparing her motion for attorney's fees and supporting documentation. "An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986); *and see Glass v. Pfeffer*, 849 F.2d 1261, 1266 n. 3 (10th Cir. 1988); *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986). Johnson has requested an additional amount of $9,219.50 in attorney's fees, expenses, and gross receipts tax for her counsel's time in preparing the motion for attorney's fees and supporting materials. After reviewing the itemized bills in support of that request, the Court finds that this amount is reasonable and should be awarded.

## II.     EXPENSES AND GROSS RECEIPTS TAX

Johnson requests expenses in the amount of $7,544.98 and New Mexico gross receipts tax in the amount of $10,795.88.  LINA argues that Johnson should not be permitted to recover her expenses, which include costs of photocopies, computerized research, faxes, Federal Express deliveries, long distance charges, mileage reimbursements, and Pacer searches.  Rather, LINA argues that Johnson should be constrained to recover those costs recoverable under our Local Rules.  LINA cites no authority for its position.

The United States Supreme Court has held, "a reasonable attorney's fee" under § 1132(g)(1) must mean

> ... a reasonable fee for the work product of an attorney. Thus the fee must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client; and it must also take account of other expenses and profit.

*Missouri v. Jenkins*, 491 U.S. 274, 285, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). A reasonable attorney's fee should be "consistent with market rates and practices" in the community. *Id*. at 287, 109 S.Ct. 2463.  Such a fee, of course, must include "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys."  *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996) (characterizing the inclusion of charges for long distance telephone calls, facsimile transmissions, messenger services, and express mail as taxable costs under § 1920(4) as harmless error "because such costs were reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys, and thus should have been included as part of the reasonable attorney's fees awarded") (citing *W. Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 87 n. 3, 111 S.Ct. 1138); *Neufeld v. Searle Laboratories*, 884 F.2d 335, 342 (8th Cir. 1989) (holding that district court abused its discretion in refusing to include in its attorney's fees award the deposition-related travel expenses

incurred by prevailing plaintiff's counsel in an ADEA case); *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1257-58 (10th Cir. 1998) ("Reasonable expenses incurred in representing a client in a civil rights case [such as Westlaw charges] should be included in the attorney's fee award if such expenses are usually billed in addition to the attorney's hourly rate."). The Court concludes that these expenses and New Mexico gross receipts tax are compensable.

## CONCLUSION

In light of the foregoing, the Court concludes that Johnson should be awarded a total amount of $167,152.76, comprised of $148,810.50 in attorney's fees, $7,636.05 in expenses, and $10,706.21 in gross receipts tax.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for An Award of Attorney's Fees and Expenses* [Doc. No. 112] is **GRANTED**, and Defendant LINA is **ORDERED** to pay Johnson's attorney's fees in the amount of **$167,152.76**.

_____
**UNITED STATES DISTRICT JUDGE**